IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND


ANTHONY KELLY                          *
                    Plaintiff,
        v.                             *    CIVIL ACTION NO. AW-07-2599

STATE OF MARYLAND                      *
CLIFTON T. PERKINS HOSPITAL
  CENTER
SHEILAH DAVENPORT[1]                   *
                    Defendants.
                                      ***


## MEMORANDUM


        This 42 U.S.C. § 1983 civil rights action seeks money damages and alleges that Plaintiff's

right to privacy has been violated.  Paper No. 1.   Plaintiff, who is committed to the Clifton T.

Perkins State Hospital Center ("Perkins"),[2] claims that his has written to Defendant Davenport on

several occasions to complain about "not having any privacy [when] using the pay phone in

Perkins's Ward-1-East".  *Id*.  He states that other patients are in the "room" playing card games and

are "so loud." *Id*.   Plaintiff seemingly claims that this circumstances violate Perkins's own policies

and rules to ensure its patients' right to privacy.  *Id*.


_____

[1]      Ms. Davenport is listed as a defendant within the body of the Complaint.

[2]      The criminal court dockets for the Circuit Court for Montgomery County reveals that in May
of 2003, Plaintiff was charged murder, first and second degree burglary, robbery, use of a handgun in a crime
of violence, and theft, *see State v. Kelly,* Criminal No. 94449C (Cir. Ct. for Montgomery County), and first
degree rape and robbery.  *See State v. Kelly,* Criminal No. 97760C (Cir. Ct. for Montgomery County).  In both
cases a competency hearing was held over the course of February, March, and April of 2004.  In June of
2004, Circuit Court Judge Durke Thompson found Plaintiff incompetent to stand trial.

Plaintiff levels bald assertions of due process and equal protection violations.   He further raises various counts of invasion of privacy and negligent infliction of emotional distress.

While Plaintiff's Motion to Proceed In Forma Pauperis shall be granted, this 42 U.S.C. § 1983 action shall be summarily dismissed.   First, neither the State nor an arm of the State is a "person" within the meaning of 42 U.S.C. § 1983.   *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64-65 & 70-71 (1989).   Moreover, the Eleventh Amendment bars suit for monetary damages in federal court by a private individual against an unconsenting state or its agencies, absent waiver or congressional abrogation of sovereign immunity pursuant to section five of the Fourteenth Amendment.   *See Seminole Tribe v. Florida*, 517 U.S. 44, 56-58 (1996); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 101-02 (1984).   Therefore, Plaintiff's Complaint against the State of Maryland is subject to dismissal.

Second, in order to state a claim for damages under 42 U.S.C. § 1983, Plaintiff must sufficiently allege that he or she was injured by "the deprivation of any rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *Monroe v. Pape,* 365 U.S. 167, 168-69 (1961); *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002).   It is well settled that only "persons" may act under color of state law; therefore, a defendant in § 1983 action must qualify as a "person."   Inanimate objects such as buildings, facilities, and grounds do not act under color of state law.   *See Preval v. Reno,* 57 F.Supp.2d 307, 310 (E.D. Va.1999) (regional jail is not a "person," and therefore not amenable to suit under 42 U.S.C. § 1983); *Brooks v. Pembroke City Jail,* 722 F.Supp. 1294, 1301(E.D. N.C. 1989) ( claims under § 1983 are directed

at "persons" and the jail is not a person amenable to suit).  Consequently, the Clifton T. Perkins

Hospital Center is not subject to suit under § 1983.

Finally, Plaintiff's Complaint as presented fails to articulate a constitutional claim against

Defendant Davenport.   Plaintiff complains that when he uses the public telephone in the Perkins'

ward the other patients are playing card games and are loud and this conduct violates his right to

privacy.  Plaintiff paints a scenario where noise levels on the ward are irritating and may sometimes

make the use of a public telephone a challenge.   This circumstance does not create a colorable §

1983 claim against Perkins staff.  This court knows of no free-standing general constitutional right

to privacy from the loud conversations of patients on a mental health facility ward.[3]   Further, to the

extent that Plaintiff wishes to raise tort claims of negligence and invasion of privacy, he may not use

a civil rights forum under § 1983 to so do.

---

[3]      Courts have recognized that residents and patients in state health facilities do have personal
privacy interests which are to be balanced with the state's interests and the extent of the intrusion, *i.e.* use of
forced psychotropic medications and visual privacy in not being strip searched or viewed nude by personnel
of the opposite sex.

For the aforementioned reasons, the court finds that Plaintiff's § 1983 complaint is premised on an "indisputably meritless legal theory" and shall be dismissed pursuant to 28 U.S.C. §1915(e).[4] A separate Order shall be entered in compliance with the opinion set out above.[5]

Date: <u>October 17, 2007</u>                    <u>                    /s/                    </u>
                                       Alexander Williams Jr.
                                       United States District Judge

---

[4]      Title 28 U.S.C. § 1915(e)(2) states that:

    Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–

    (A)   the allegation of poverty is untrue; or
    (B)   the action or appeal--
    (i)   is frivolous or malicious;
    (ii)  fails to state a claim on which relief may be granted; or
    (iii) seeks monetary relief against a defendant who is immune from such relief.

[5]      The dismissal of this case under 28 U.S.C. § 1915(e) shall not count as a "strike" against Plaintiff under the Prison Litigation Reform Act ("PLRA"). Plaintiff is not a "prisoner" within the meaning of the PLRA. The PLRA defines a "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h). This definition does not include an individual who has been involuntarily committed to a state hospital following a verdict of not guilty by reason of insanity.  *See Kolocotronis v. Reddy,* 247 F.3d 726, 728 (8th Cir. 2001). In *Page v. Torrey,* 201 F.3d 1136, 1139 (9th Cir. 2000), the Ninth Circuit held that a person who is civilly committed pursuant to California's Sexually Violent Predator Act is not a "prisoner" within the definition of the PLRA. *Page* explains that "only individuals who, at the time they seek to file their civil actions are detained as a result of being accused of, convicted of, or sentenced for criminal offenses are prisoners within the definition of ... 28 U.S.C. § 1915 ." *Id.*  The Ninth Circuit reasoned that a civil detainee does not fall within the purview of the PLRA's definition of "prisoner" because the detention is not part of the punishment for his previous criminal conviction, but rather is a civil commitment for non-punitive purposes. *Id* at 1139-40.
.